#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MANDY EHRLICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-2142-JTM-TJJ |
| | ) |
| UNION PACIFIC RAILROAD | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Union Pacific Railroad Company's Motion to Strike Plaintiff's Motion to Compel or, in the Alternative, Motion to Stay Deadline to Respond to that Motion (ECF No. 39). Defendant requests that the Court strike the Motion to Compel (ECF No. 36) filed by Plaintiff on May 7, 2014 on the grounds that Plaintiff failed to confer concerning the matter in dispute prior to filing her motion as required by D. Kan. Rule 37.2, and because the motion is untimely under D. Kan. Rule 37.1(b).

**I.     Duty to Confer**

The duty to confer prior to filing a motion is contained in Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2. Under Fed. R. Civ. P. 37(a)(1), a motion to compel discovery must include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

In conjunction with Fed. R. Civ. P. 37, District of Kansas Local Rule 37.2 requires the attorney for the party filing the discovery motion to confer with opposing counsel prior to filing the motion.  It provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, . . . , unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

The purpose of the conferring requirements is to encourage the parties to resolve their discovery disputes prior to resorting to judicial intervention.[1]  Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[2]  The parties must determine precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing;  and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[3]

In her motion to compel, Plaintiff describes the steps she took to resolve the issues in dispute and attaches copies of the conferring correspondence.  She indicates that after reviewing Defendant's March 21, 2014 responses and documents to her discovery requests, she mailed a

---

[1] *Layne Christensen Co. v. Purolite Co.,* No. 09-2381, 2011 WL 381611, at *2 (D. Kan. Jan. 25, 2011).

[2] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[3] *Id.*

golden rule letter to Defendant on April 10, 2014, with a deadline to respond of April 16, 2014. In that letter, Plaintiff stated her position on the discovery disputes and requested that Defendant withdraw its objections and provide a privilege log. When Plaintiff did not receive a response from Defendant by the deadline, her counsel sent an email to Defendant's counsel on April 21, 2014, asking whether he intended to respond to the golden rule letter.  After no response was received from Defendant, Plaintiff then filed her motion to compel on May 7, 2014.

Defendant contends that Plaintiff has failed to comply with the conferring requirements of D. Kan. Rule 37.2 prior to filing her motion.  It admits that Plaintiff sent a golden rule letter on April 10, 2014, but that letter concluded with a unilaterally set deadline of six days later for it to capitulate to Plaintiff's discovery demands.  According to Defendant, the only other communication regarding the discovery responses came on April 21, 2104, which was Plaintiff's deadline to file any motion to compel regarding the subject discovery responses. That email communication offered no resolutions or possible accommodations. Rather, it asked if Defendant had "any response to [the] golden rule letter," and demanded that Defendant produce a privilege log and withdraw all of its objections within six days.  Defendant argues that this is not enough to satisfy the conferring requirements under the local rule.  Plaintiff's attorney never called its counsel, requested a face-to-face meeting, or made any other attempt to resolve the discovery dispute as required by the local rule.

After reviewing the conferring correspondence attached to Plaintiff's motion, the Court finds that Plaintiff has not made sufficient efforts to confer before filing her motion to compel. Although Plaintiff's counsel sent a four-page golden rule letter to defense counsel dated April 10, 2014, identifying the eleven document requests for production that Plaintiff found lacking,

Plaintiff only gave Defendant's counsel six days until April 16, 2013, in which to respond. Then five days later, on April 21—the day her motion to compel was due—Plaintiff's counsel emailed defense counsel with a two-sentence inquiry whether counsel had any response to the golden rule letter. After apparently not hearing from Defendant, Plaintiff then filed her motion two weeks later on May 7, 2014 without having made any further attempts to email Defendant's counsel or to contact him by telephone. The Court concludes that one letter with one email follow-up—without any attempt to call or actually converse with Defendant's counsel—does not constitute sufficient reasonable attempts to confer before filing the motion to compel. Although Plaintiff should not be required to spend significant time waiting for a response from Defendant's counsel to her letter and email follow-up, Plaintiff should have made additional efforts to contact Defendant's counsel before filing her motion. As set out in D. Kan. Rule 37.2, a "reasonable effort to confer" means that the moving party must make good faith attempts to "converse, confer, compare views, consult, and deliberate" concerning the matter in dispute.

      This is not to suggest or imply that the Court condones Defendant's unresponsiveness. Although Plaintiff has not sufficiently conferred as required by D. Kan. Rule 37.2, the Court, declines to strike Plaintiff's motion to compel, given Defendant's failure to respond to Plaintiff's preliminary attempts to confer. The Court will instead give the parties additional time to confer concerning the issues raised in Plaintiff's motion to compel, by extending Defendant's deadline to respond to Plaintiff's motion. Counsel for both parties are instructed to confer in good faith regarding the issues that are the subject of the motion to compel.

## II.      Timeliness of Plaintiff's Motion to Compel

Defendant also argues that Plaintiff's motion to compel should be stricken as untimely filed.  Defendant served its responses and objections to Plaintiff's subject discovery on March 21, 2014. Thus, under D. Kan. Rule 37.1(b), because Defendant served its discovery response on March 21, 2014, any motion to compel regarding those discovery responses was required to be filed within 30 days, or in this case, by April 21, 2014.

Plaintiff admits that her motion is untimely, but asks that Defendant's Motion to Strike her motion be denied because she acted with excusable neglect in determining the deadline to respond.  She states that she acted in good faith but miscalculated the deadline to file a motion to compel while attempting to work through the dispute with Defendant.  She points out that her motion was only 14 days late and there is no prejudice to the Defendant by the late filing.

Under the circumstances here, the Court declines to strike Plaintiff's motion to compel on the grounds that it was not filed within 30 days of the date Defendant served its discovery responses that are the subject of the motion.  Plaintiff has shown excusable neglect for the untimely filing by her counsel's miscalculation of when the 30-day deadline began to run.  And, as Plaintiff points out, there appears to be no prejudice to Defendant by this short delay.  Finally, part of the delay can be attributed to Defendant's actions in failing to respond to Plaintiff's two attempts to confer regarding the issues raised in the motion.  The Court therefore declines to strike Plaintiff's Motion to Compel as untimely.

**IT IS THEREFORE ORDERED THAT** Defendant Union Pacific Railroad Company's Motion to Strike Plaintiff's Motion to Compel or, in the Alternative, Motion to Stay Deadline to Respond to that Motion (ECF No. 39) is DENIED.  The Court, however, will give the parties

additional time to confer about the issues raised in Plaintiff's Motion to Compel (ECF No. 36), extends Defendant's deadline for responding to the Motion until **July 7, 2014,** and instructs/orders counsel for both parties to confer in good faith in an attempt to resolve the issues.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 19th day of June 2014.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge